```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              ASHEVILLE DIVISION
               1:06CV32-MU-02
```

```
STEVEN WAYNE BELL,         )
     Plaintiff,            )
                           )
       v.                  )
                           )
BOYD BENNETT, Director of  )
  North Carolina Prisons;  )
THEODIS BECK, Secretary    )
  of the North Carolina    )
  Department of Correc-    )
  tions;                   )
WILLARD JOBE, Superinten-  )
  dent of Avery-Mitchell   )
  Correctional Institu-    )
  tion ("AMCI" hereafter)  )         O R D E R
K. TAYLOR, Correctional    )
  Officer at AMCI; and     )
P. TAYLOR, Lieutenant at   )
  AMCI,                    )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court on the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed February 9, 2006; and on the defendants' Motion to Dismiss, filed March 31, 2006. For the reasons stated herein, the plaintiff's Complaint will be dismissed in its entirety.

The record of this matter reflects that on February 9, 2006, the plaintiff filed a civil rights Complaint with this Court, essentially complaining about an attack which he allegedly suffered back in November 2004 at the hands of one of the defendants, and about the other defendants' alleged failure to take

appropriate action on his report of that matter.  In lieu of paying the $255.00 filing fee, the plaintiff also submitted an Application to Proceed In Forma Pauperis along with his Complaint.

On March 31, 2006, the defendants filed a joint Motion to Dismiss along with a supporting Brief.  By those documents, the defendants argue that the plaintiff's Complaint must be dismissed because he previously has had two separate civil rights Complaints under §1983 and a civil appeal dismissed as frivolous. Thus, pursuant to 28 U.S.C. §1915(g), the defendants assert that the petitioner has "3 strikes," which make him ineligible to proceed <u>in forma pauperis</u> with the instant action.

Further, the defendants point out that the plaintiff no longer was in the custody of the Avery-Mitchell Correctional Institution at the time that he filed this action.  Therefore, the defendants contend that the plaintiff cannot meet the "imminent danger" exception which would otherwise allow him to proceed <u>in forma pauperis</u> with this action despite his "3 strikes."

In support of their Motion to Dismiss, the defendants have submitted the official Court records concerning the plaintiff's three other actions which were dismissed as frivolous.  This Court is well aware that it is able to take judicial notice of such public, official Court records, and so it will.  See <u>Colonial Penn. Ins. Co. V. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989).

In any event, the subject records reflect--as the defendants assert--that the U.S. District Court for the Eastern District of North Carolina (Western Division) dismissed one of the plaintiff's civil rights complaints as frivolous by Order filed August 23, 1996 (see Bell v. French, 5:96CT573-F). Those records also reflect that such Court also dismissed another of the plaintiff's civil rights actions as frivolous by an Order filed November 25, 2003 (see Bell v. Dept. of Revenue, et al., 5:03CT714-H). Finally, the subject records reflect that the plaintiff appealed the District Court's August 1996 Order of dismissal to the Fourth Circuit Court of Appeals. On appeal, rather than merely affirm the District Court's dismissal of the plaintiff's Complaint, the appellate Court actually made an independent finding that the subject appeal, itself, was frivolous, and so it dismissed the appeal on that ground.

Consequently, inasmuch as 28 U.S.C. §1915(g) precludes, inter alia, a prisoner from bringing an in forma pauperis civil action when that prisoner "has, on 3 or more prior occasions while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous . . . ," the defendants are correct that the instant Complaint is subject to dismissal under such "3 strikes" rule. See Bea v. Doe, 401 F.Supp. 538, 541 (E.D. Va. 2005) (supporting proposition that a case which expressly was dismissed

as frivolous at both district and appellate levels is counted as two strikes).

Moreover, as was previously noted, the plaintiff has reported that as of the time when he filed the instant Complaint, he no longer was in the custody of the Avery-Mitchell Correctional Institution. Consequently, on this record the plaintiff cannot demonstrate that the conditions about which he was complaining had him under imminent danger of serious injury at the time when he filed this Complaint. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d. Cir. 2001) (noting requirement that imminent danger must be shown to exist at the time the Complaint is filed).

Accordingly, the defendants' Motion to Dismiss must be granted; and the plaintiff's Complaint must be dismissed without prejudice to his right to pay the new $350.00 filing fee and re-file this matter.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The defendants' Motion to Dismiss (document # 18) is **GRANTED**; and

2. The plaintiff's Complaint (document # 1) is **DISMISSED**

**without prejudice.**

    **SO ORDERED.**

    Signed: April 10, 2006

    *Graham C. Mullen*
    Graham C. Mullen
    United States District Judge